FILED
 2010 Mar-31 PM 03:11
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, } } } | |
| Plaintiff, } } | |
| vs. } } | CASE NO. 2:08-cv-2311-SLB |
| ROBERT V. LAMB, individually d/b/a Lamb Real Estate; LAMB REAL ESTATE; LAURA T. LAMB; GREGORY SCOTT TUCKER; ANN A. TUCKER; KIM MASON HOME BUILDER; COMPASS BANK; WORTHINGTON FEDERAL BANK, } } } } } } } } } | |
| Defendants. } | |

## MEMORANDUM OPINION

This case is before the court on the following motions: defendants Gregory and Ann Tucker's (the "Tuckers") Motion to Dismiss, (doc. 16);[1] the Tuckers' Motion for Judgment on the Pleadings, (doc. 17); and plaintiff State Farm Fire and Casualty Company's ("State Farm") Motion for Summary Judgment, (doc. 18). Upon review of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiff's Motion for Summary Judgment, (doc. 18), is due to be granted. The Tuckers' Motion to Dismiss, (doc. 16), and Motion for Judgment on the Pleadings, (doc. 17), are due to be denied.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

## I.  CASE OVERVIEW

On June 17, 2005, defendants Robert Lamb, both individually and doing business as Lamb Real Estate, and Laura Lamb, initiated a lawsuit against the Tuckers, Kim Mason Home Builder, Compass Bank, and Worthington Federal Bank, in the Circuit Court of Madison County, Alabama.  (Doc. 1 at ¶ 14 & Exs. B-E.)  That action arose out of a property dispute between the Tuckers and the Lambs.  (Doc. 1 at ¶ 16.)  The Tuckers were in the process of building a home on their property, when the Lambs, who owned a plot of land surrounded by the Tuckers' property, filed their suit alleging that the Tuckers had encroached on an easement in the Lambs' favor that ran through the Tuckers' property.  (Doc. 1 at ¶ 16.)

Plaintiff State Farm brought this declaratory judgment action to determine whether the Personal Liability Umbrella Policy it issued to the Tuckers obligates it to defend and/or indemnify them in the state court action.  (Doc. 1 at ¶ 17.)  Plaintiff argues that the policy does not cover the acts and claims upon which the underlying lawsuit is based or, alternatively, that the lawsuit's claims are excluded under the policy.  (Doc. 1 at ¶ 19.)

### A.  Insurance Policy

State Farm issued a Personal Liability Umbrella Policy to the Tuckers (the "policy").  (Doc. 1, Ex. A; Doc. 18, Ex. E.)  The policy, which provides a legal defense and coverage for personal legal liability, states: "If you are legally obligated to pay damages for a loss, we will pay your net loss minus the retained limit." (Doc. 1, Ex. A, at

22.) Under the policy, "loss" means: "(a) an accident, including injurious exposure to conditions, which results in bodily injury or property damage during the policy period . . . or (b) the commission of an offense, or series of similar or related offenses, which result in personal injury during the policy period." (*Id*. at 15.) The policy defines "property damage" as "physical injury to or destruction of tangible property." (*Id*. at 21.) "Bodily injury" is defined as "physical injury, sickness, disease, emotional distress or mental injury to a person." (*Id*. at 15.) "Personal injury" is an injury caused by "false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution[,] . . . libel, slander, defamation of character, or invasion of rights of privacy." (*Id*. at 16.) The policy excludes coverage "for bodily injury or property damage . . . which is either expected or intended by" the insured. (*Id*. at 16, 23.)

### B.    State Court Complaint

The most recently amended version of the Lambs' Complaint lists the Tuckers, Kim Mason Home Builders, and Compass Bank as defendants.[2] (Doc. 18, Ex. D, Third Amended Complaint.) The Lambs allege in the first two counts of the Amended Complaint that the Tuckers converted a non-exclusive road right-of-way. (*Id*. at 2-3.) The Amended Complaint states that the Lambs demanded the return of their rights to the

---

[2] The underlying complaint contains no allegations against Compass Bank. The bank was listed as a defendant in this action apparently because it is the mortgage holder of record of the disputed easement. (Doc. 18, Ex. D, p. 2.) Compass Bank filed an Answer in this action on April 22, 2009, which generally states that it is without knowledge of the information alleged in the Complaint. (Doc. 31.)

3

right-of-way, but the Tuckers refused and continued to exercise unlawful control over it. (*Id*. at 13.) In their Answer in this action, the Tuckers represent that the claims for conversion have been dismissed by the state court in the underlying action. (Doc. 14 at ¶¶ 14 & 16.)

In the third count of the Lambs' Amended Complaint, "Slander of Title," the Lambs allege that the Tuckers unlawfully clouded the title to their property "in the form of a claim of fee simple ownership of the easement and a demand for $18,000.00 . . . payment required . . . before Plaintiffs would be allowed to use any portion of their non-exclusive road right-of-way property." (Doc. 18, Ex. D at ¶ 16.) The Lambs claim that the Tuckers' actions forced them to defend their title before local authorities, and delayed improvements to their property. (*Id.* at ¶¶ 17 & 18.)

Count IV of the Lambs' Amended Complaint alleges professional misconduct on the part of Kim Mason Home Builders. (Doc. 18, Ex. D, p. 4.) The Lambs claim that "Kim Mason Home Builders, the acting Contractor and builder, did, with full knowledge of the existing non-exclusive road right-of-way, cause to have constructed and constructed obstructions to the determent of the existing non-exclusive road right-of-way." (*Id.* at ¶ 20.) This "deliberate" construction, the Lambs allege, violated the professional standards by which general contractors are licensed in Alabama. (*Id.* at ¶ 21.) Although this allegation is not asserted directly against the Tuckers, Count VI of the Amended Complaint, requesting that the state court hold the defendants jointly and

severally liable for all findings and judgments, implicates the Tuckers.  (Doc. 18, Ex. D at ¶ 25.)

The Lambs add a claim against the Tuckers for "Wantonness" in Count V of their Amended Complaint.  (Doc. 18, Ex. D, at 4.)  The allegation reads as follows:

> 23.   Plaintiffs allege that Defendants, Tucker and A. Tucker, and Engineer, Kim Mason Home Builders, have through their willful, wanton, reckless and/or knowing actions deprived Plaintiffs of th[eir] non-exclusive road right-of-way rights with the full intent of depriving the Plaintiffs of the non-exclusive road right-of-way, permanently obstructing portions of the non-exclusive road right-of-way and diminishing the existing non-exclusive road right-of-way to the detriment of the property rights held by Plaintiffs.  Defendants, Tucker and A. Tucker, and Contractor have refused the full, non-exclusive, access to the pre-existing non-exclusive road right-of-way.

(*Id.* at ¶ 23.)

In Count VII of their Amended Complaint, the Lambs seek a declaratory judgment in state court that the right-of-way exists and should be accessible to them in its entirety. (*Id*. at 6.)  The Lambs request entry of a declaratory judgment which requires, among other things, that the Tuckers must remove all obstructions to the right-of-way, repair and/or replace any portion which has been removed or compromises the Lambs' use, and, maintain the right-of-way for its intended use.  (*Id*.)

Finally, Counts VIII through X allege that the Tuckers and Kim Mason Home Builders trespassed on the Lambs' right to use, or use of, the right-of-way at issue.  (Doc. 18, Ex. D, at 6-8.)  All three counts allege that the defendants "willfully, wantonly,

recklessly and/or knowingly refused access to the non-exclusive 50-foot Road Right-of-Way and trespassed" upon Plaintiffs' right to use or use of the right-of-way, either by diminishing or obstructing the right-of-way with a lake, a utility meter, and a gate. (*Id.*)

## II. DISCUSSION

Plaintiff State Farm has moved for summary judgment asserting that it has neither a duty to defend, nor indemnify, the Tuckers in the state court action. (Doc. 18.) The Tuckers have opposed the Motion, (doc. 20), and have moved to dismiss plaintiff's claim for declaratory judgment on the indemnification issue, (doc. 16). The Tuckers have also moved for judgment on the pleadings regarding the issue of plaintiff's obligation to defend the Tuckers in the underlying action. (Doc. 17.)

### A.     Motion to Dismiss

The Tuckers have moved to dismiss State Farm's claim for declaratory judgment on the issue of whether it is obligated to indemnify the Tuckers, should the Lambs prevail in the underlying action. (Doc. 16.) The Tuckers assert that there is no actual controversy with respect to that claim; the issue is not ripe for adjudication; and the court, therefore, lacks subject matter jurisdiction. (Doc. 16 at ¶¶ 3-5.)

#### i.     Legal Standard

Plaintiff State Farm brought this action pursuant to 28 U.S.C. § 2201, which governs declaratory judgment actions for cases involving an actual controversy within the

jurisdiction of the court.[3] The threshold question for cases arising under Section 2201 is whether a justiciable controversy exists. *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). "Congress limited federal jurisdiction under the Declaratory Judgment Act to actual controversies, in statutory recognition of the fact that federal judicial power under Article III, Section 2 of the United States Constitution extends only to concrete cases or controversies." *Id*. Courts should determine whether a controversy exists on a case-by-case basis. *Id*. "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). "The party who seeks shelter in a federal court must show at an 'irreducible minimum' that at the time the complaint was filed, that party had 'suffered some actual or threatened injury resulting from the [other party's] conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition.'" *Atlanta Gas Light Co.*, 68 F.3d at 414.

---

[3] Plaintiff has asserted jurisdiction in this court under 28 U.S.C. § 1332, diversity of citizenship; the Tuckers do not dispute that the requirements of § 1332 have been met.

28 U.S.C. § 2201(a) provides, in relevant part: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought . . . ."

### ii.     Discussion

A federal district court may exercise jurisdiction over a declaratory judgment action at its discretion.  *See Edwards v. Sharkey*, 747 F.2d 684, 686 (11th Cir. 1984).  The Tuckers argue that this court lacks jurisdiction.  (Doc. 26, p. 2.)  The Tuckers cite *Atlanta Gas Light Company*, 68 F.3d at 414, for the proposition that, absent an actual controversy, the court lacks jurisdiction to hear plaintiff's request for the court to declare it owes no duty to indemnify the Tuckers in the underlying case.  (Doc. 16 at ¶ 2.)

Contrary to the Tuckers' argument, the court has jurisdiction to consider this claim.  *See e.g., Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257 (N.D. Ala. 1999); *Employers Mut. Cas. Co. v. All Season Windows & Door Mfg., Inc.*, 387 F. Supp. 2d 1205, 1212 (S.D. Ala. 2005).

The Tuckers further argue that whether a duty to indemnify exists cannot be determined before the underlying case is resolved, and that the issue is, therefore, not ripe for adjudication.  (Doc. 16 at ¶ 4.)  As support, the Tuckers cite *Colony Insurance Company v. Floyd's Professional Tree Service*, which held that it is premature to determine the duty to indemnify at a preliminary stage in the proceedings, because prior to the entry of final judgment, "it is still possible for the plaintiff in the underlying lawsuit to change the theory of liability and assert a claim that is covered by the policy at issue." *Id.*, No. 3:07-cv-1044-TFM, 2008 WL 2705123, at *2 (M.D. Ala. 2008); *see also Owners Ins. Co. v. H.W. Wade & Co., Inc.*, No.2:08cv343-MHT, 2009 WL 230130, at *1 (M.D.

Ala. 2009) (dismissing indemnity issue as premature, because "the state court has not decided many of the critical factual issues that will be relevant to the inquiry of indemnification"). The Tuckers contend that "the trial in the state court action will generate evidence concerning the conduct of the Tuckers and the injuries and the damages of the plaintiffs, all of which will be relevant to the indemnity issue," if, or when, the issue is ripe. (Doc. 26, at 3.)

To the extent that it seeks to limit the court's decision to the facts as presently alleged, the Tuckers' argument has merit. *See Evans*, 76 F. Supp. 2d at 1262 (recognizing that "any issue decided by this court will have to be based on the claims as presently stated in the pending state court action," and that "any such determination would not affect possible issues which later arise"). The court, therefore, finds that it has jurisdiction to determine State Farm's duties to defend and indemnify its insureds, the Tuckers, in the underlying state lawsuit, based on the current allegations and factual assertions stated in the Amended Complaint. Accordingly, the Tuckers' Motion to Dismiss, (doc. 16), on the grounds that the court lacks jurisdiction or that the matter is not ripe will be denied.

### B. Motion for Summary Judgment

Plaintiff State Farm argues in its Motion for Summary Judgment that it is entitled to judgment as a matter of law because the claims against the Tuckers are not covered under the plain, unambiguous, policy language; and, even if its insureds overcame the

coverage issues, the policy exclusions apply to preclude coverage. (Doc. 18.) The Tuckers respond that the underlying case involves claims of property damage and bodily injury, which fall within the policy coverage provisions; and, that State Farm has not met its burden of proving that policy exclusions apply. (Doc. 29.)

### i.     Legal Standard

Summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that there is no genuine issue of material fact or that the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 324. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*. at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence

favoring the non-moving parties is to be believed and all justifiable inferences are to be drawn in their favor. *See id*. at 255. Nevertheless, the non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Evans v. Stephens*, 407 F.3d 1272, 1284 (11th Cir. 2005) (Carnes, J., concurring specially) (quoting *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999)).

### ii. Discussion

As a federal court sitting in diversity, this court applies the substantive laws of the forum state of Alabama. *Flintkote Co. v. Dravo Corp.*, 678 F.2d 942 (11th Cir. 1982). In Alabama, "[t]he issue of whether a contract is ambiguous or unambiguous is a question of law for a court to decide." *State Farm*, 747 So. 2d at 308. An insurance policy is ambiguous "only if the policy's provisions are reasonably susceptible to two or more constructions or there is reasonable doubt or confusion as to their meaning." *Id*. at 308-309. A court should give the terms of an insurance policy a rational and practical construction. *Id*. at 309. Where the terms of a contract are plain and unambiguous, "the construction of the contract and its legal effect become questions of law for the court." *State Farm Fire & Casualty Co. v. Slade*, 747 So. 2d 293, 308 (Ala. 1999) (quoting *McDonald v. U.S. Die Casting & Dev. Co.*, 585 So. 2d 853, 855 (Ala. 1991)). In this case, the policy plaintiff issued to the Tuckers is clear and unambiguous: it only provides them with a legal defense and indemnity for accidents which cause bodily injury or

property damage, or for personal injury resulting from listed offenses. (Doc. 18, Ex. E, p. 4-5, Policy.)

In general, an insurer is obligated to defend an insured "[i]f the allegations of the injured party's complaint show an accident or occurrence within the coverage of the policy, . . . regardless of the ultimate liability of the insured." *See Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1009 (Ala. 2005). The facts alleged in the complaint, and not the legal phraseology, determine whether an insurer has an obligation to defend. *Hartford Cas. Ins. Co.*, 928 So. 2d at 1012. Where the facts and a legal theory asserted in a complaint are irreconcilable, the facts determine the insurer's duty to defend. *Id*. In addition to examining the complaint, the court may also consider admissible evidence to determine the scope of an insurer's obligation to defend. *Id*. at 1009-10. If the complaint does not allege, or the evidence does not prove, a covered occurrence, the insurer has no obligation to defend. *Id*.

In this case, neither State Farm nor the Tuckers have put forward factual evidence of a covered occurrence; instead, the parties rely upon the allegations of the Amended Complaint alone. The court thus examines the allegations of the Amended Complaint to see if they fall within the policy's coverage, which is limited to "accidents" that cause "bodily injury" or "property damage," or "personal injury" resulting from listed offenses. (Doc. 18, Ex. D, Amended Complaint; Ex. E, pp. 4-5, Policy.)

The court notes, at the outset, that Count VII of the underlying Amended Complaint does not allege a covered claim. Count VII seeks a declaratory judgment that the easement exists and that the Tuckers must remove the obstructions thereto. (Doc. 18, Ex. D, p. 6.) The policy's coverage is limited to payment for damages from a loss, which does not include declaratory or injunctive relief. (Doc. 18, Ex. E, p. 11.)

**Property Damage**

"Property damage" is defined under the policy as "physical injury to or destruction of tangible property," including "loss of use [of tangible property] caused by the injury or destruction." (Doc. 18, Ex. E, p. 10.) The Tuckers point out that the underlying Amended Complaint "expressly alleges that the Tuckers have materially altered the [Lamb's] property," and that the Tuckers have "permanently obstructed" the roadway with a lake and a utility meter, and by the installation of a gate which closed off access to the right-of-way. (Doc. 20, pp. 7-8.) Arguing that the underlying suit involves claims of covered "property damage," the Tuckers state that "property 'sustains physical damage when the property is altered in appearance, shape, color, or in some other material dimension.'" *Id.* (citing 9A *Couch on Insurance* § 129.6; *Oak Ford Owners Assn. V. Auto-Owners Ins. Co.* 510 F. Supp. 2d 812, 816-17 (M.D. Fla. 2007) (finding that dredging from a creek and depositing the fill on the creek-bank constituted "property damage")). However, the Tuckers' reliance on this discussion of property damage is unavailing.

The underlying Amended Complaint alleges damage to the Lambs' right to use of the easement. Under Alabama law, an easement is an intangible property right. *See Garrison v. Alabama Power Co.*, 807 So. 2d 567, 572 (Ala. Civ. App. 2001) ("The term 'easement' connotes an incorporeal right . . . .") (quotation and citations omitted). The Amended Complaint describes the property right at issue as a "non-exclusive road right-of-way," (doc. 18, Ex. D at ¶ 32); this is consistent with an intangible property right. *See Kazi v. State Farm Fire & Cas. Co.*, 15 P.3d 223, 229 (Cal. 2001) (noting that as a matter of law, "an easement, representing only a nonpossessory right to use another's property, is not tangible property"). Thus, the Tuckers have not demonstrated an allegation or evidence of "property damage," as that term is defined under the policy, sufficient to trigger coverage.

**Personal Injury**

The Tuckers next contend that the Amended Complaint alleges that the Lambs have suffered "personal injury," meaning an injury caused by "slander," one of the listed covered offenses, which also includes libel, defamation of character, or invasion of rights of privacy. (Doc. 20, p. 9) (citing Doc. 18, Ex. E, p.5, Policy.) The Tuckers argue that, because "slander" may be interpreted to mean slander of a person or slander of title, the term is ambiguous. From that position, the Tuckers assert that the policy language must be construed for the benefit of the insureds and "all ambiguities must be resolved against [State Farm]." (Doc. 20, p. 9) (citing *HR Acquisition I Corp. v. Twin City Fire Ins. Co.*,

14

547 F.3d 1309, 1315 (11th Cir. 2008); *Penn. Nat'l Mut. Ins. Co. v. Roberts Brothers, Inc.*, 550 F. Supp. 2d 1295, 1304 (S.D. Ala. 2008)).  The court is not persuaded by this argument.  The claim for "Slander of Title," alleged in Count Three, is not, under any construction of the policy, equivalent or interchangeable with slander of a person.

Under Alabama law, slander of title is actionable by a land owner where "libelous or slanderous words falsely and maliciously impugn[] his title."  Ala. Code § 6-5-211 (1975).  In contrast, "[s]lander is a species of defamation" which involves "publishing a false and defamatory statement to another concerning the plaintiff."  *Larrimore v. Dubose*, 827 So. 2d 60, 61 (Ala. 2001) (citations omitted).  Here, the policy lists "slander" under the heading "personal injury" and enumerates other like offenses, all of which involve injury to a person's character or rights to privacy.  Considering this context, the court finds that slander of title is not among the covered offenses contemplated by the policy.  *See Allstate Ins. Co. v. Hardnett,* 763 So. 2d 963, 965 (Ala. 2000) ("An insurance policy must be read as a whole. The provisions of the policy cannot be read in isolation, but, instead, each provision must be read in context with all other provisions.").

**Bodily Injury**

The last three counts of the underlying Amended Complaint do allege a "bodily injury" that would be covered under the policy if it arose out of an accident.  Counts VIII through X claim that the Tuckers and Kim Mason Home Builders trespassed on the

easement, causing the Lambs to suffer "distress" as a result.  Under the policy, "mental distress" qualifies as a "bodily injury."  (Doc. 18, Ex. E, p. 4.)

As noted above, a bodily injury must have arisen from an accident to constitute a covered "loss."  The Supreme Court of Alabama has defined an "accident" as "an unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events or that could not be reasonably anticipated." *St. Paul Fire & Marine Ins. Co. v. Christiansen Marine, Inc.*, 893 So. 2d 1124, 1137 (Ala. 2004) (quoting *Black's Law Dictionary* (7th ed. 1999)) (alteration and quotation omitted).  In *Hartford*, the Supreme Court of Alabama noted that "[t]he term 'accident' has been variously defined as something unforeseen, unexpected, or unusual." *Hartford*, 928 So. 2d at 1011 (quoting *U.S. Fid. & Guar. Co. v. Bonitz Insulation Co. of Ala.*, 424 So. 2d 569, 572 (Ala. 1982).)

State Farm argues that "intentional acts by the insureds are not covered under the policy, as they are not an accident as described above."  (Doc. 18, p. 17.)  The court agrees.  "Trespass requires an intentional act by the defendant." *Russell Corp. v. Sullivan*, 790 So. 2d 940, 945 (Ala. 2001) (citing *Born v. Exxon Corp.*, 388 So. 2d 933, 934 (Ala. 1980)).  Even ignoring the stated legal theory of Counts VIII through X, the factual allegations of those counts clearly contemplate intentional actions on the part of the Tuckers.  The Amended Complaint alleges that the Lambs notified the Tuckers of their intended use of the easement, and the Tuckers obstructed the easement, in spite of

the notice. (Doc. 18, Ex. D at ¶¶ 36, 40, & 44.) The resulting impairment of the Lambs' use of the easement can hardly be said to have been unforeseen or unexpected. Thus, although Counts VIII through X of the underlying complaint do allege a "bodily injury" covered under the policy, that injury is alleged to have arisen out of an intentional act, trespass, which is not covered under the policy.

**Exclusions**

Finally, State Farm argues that even if the court finds that the Amended Complaint alleges covered acts, the policy exclusions preclude a finding that State Farms owes a duty to defend and/or indemnify the Tuckers in the underlying lawsuit. (Doc. 18, p. 19.) The policy excludes from coverage "losses" for "bodily injury" or "property damage" that are "expected or intended" by the insured, or are the result of [the insureds'] willful and malicious act." (Doc. 18, Ex. E, p.5.) Additionally, coverage for "personal injury" is excluded when the insured acts "with specific intent to cause harm or injury." (*Id.*) The court agrees with State Farm that the allegations in the Amended Complaint describe acts that are expected and/or intentional in nature, or are the result of willful and malicious acts of the insureds, thus making the exclusionary provisions of the policy applicable.

The court is not persuaded by the Tuckers' argument that, absent a subjective intent or expectation that an injury will result from their actions, the exclusions do not apply. (Doc. 20, p. 14.) (citing *Universal Underwriters v. Stokes Chevrolet*, 990 F.2d 598, 603-604 (11th Cir. 1993)). Nor is the court convinced that distinguishing between

17

allegations of recklessness and wantonness, as the Tuckers propose, will reveal claims that are not within the policy's exclusions. (*See* doc. 20, p.14.) Finally, the court cannot conceive of a scenario under which construction a gate to block access to a road right-of-way, in response to a request for access to the right-of-way, could be executed apart from an intended, obvious, result that the roadway would be obstructed. As noted above, the alleged facts, not a party's legal terminology, guide the court's analysis of coverage under the policy provisions. Here, the exclusions operate to preclude coverage for the acts alleged in the underlying state court case.

### C.     Motion for Judgment on the Pleadings

The Tuckers moved for judgment on the pleadings with respect to State Farm's obligation to provide them with a defense in the state action. The arguments with respect to this Motion and State Farm's Motion for Summary Judgment are indistinguishable. Because plaintiff's Motion for Summary Judgment is due to be granted, the Tucker's Motion for Judgment on the Pleadings, (doc. 17), is due to be denied.

**Conclusion**

Plaintiff has met its burden of showing that no material issue of fact exists with respect to its obligation to defend the Tuckers in the underlying action. The Tuckers have failed to come forward with evidence showing that a material issue of fact exists for trial; thus, State Farm's Motion for Summary Judgment, asserting that it owes no duty to defend its insureds against claims by the Lambs, is due to be granted.

Finally, the court notes again that an insurer's duty to defend is broader than its duty to indemnify. *See Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1009 (Ala. 2005). Because the court has found that plaintiff has no obligation to defend the Tuckers in the state court action, plaintiff has no obligation to indemnify the Tuckers for any liability arising out of the Lambs' Amended Complaint. Accordingly, plaintiff's Motion for Summary Judgment with respect to its obligation to indemnify the Tuckers for liability arising out of the underlying action will be granted. The Motion for Judgment on the Pleadings and to Dismiss filed by the Tuckers will be denied. An Order in accordance with this Opinion will be entered contemporaneously.

**DONE**, this 31st day of March, 2010.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE